# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | CASE NO. 6:12-cr-00056-LED-JDL |
| § | |
| JAMES SHEPHARD § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 22, 2014 the Court conducted a hearing to consider the government's petition to revoke the supervised release of James Shephard. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk.

On December 22, 2008 Defendant was sentenced before The Honorable William K Sessions III of the District of Vermont after pleading guilty to the offense of Conspiracy to Distribute 50 Grams or More of Cocaine Base, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. However, in consideration of the applicable mandatory minimum term, the guideline imprisonment range was 120 months. The government filed a motion for a downward departure based on substantial assistance. The Court departed to a total offense level of 17. The guideline imprisonment range for an offense level of 17 and a criminal history level of IV was 37 to 46 months. James Shephard was subsequently sentenced to 37 months imprisonment followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include drug treatment. On January 14, 2011, James Shephard completed his period of imprisonment and began service of the supervision term.

On July 17, 2012, The Honorable Leonard Davis accepted transfer of jurisdiction to the Eastern District of Texas.

In pertinent part, under the terms of supervised release, Defendant was required not to commit another federal, state or local crime; Defendant was required to report to the probation officer as directed by the Court or probation officer and submit truthful and complete written reports within the first five days of each month; Defendant was required to participate in a program approved by the United States Probation Office for substance abuse, and the Defendant was required to refrain from the use of alcohol and other intoxicants during and after treatment; and the Defendant was required to complete 180 of home confinement. In its petition, the government alleges Defendant committed the misdemeanor offenses of Criminal Mischief and Theft of Property; failed to provide a monthly report form; was discharged from the Salvation Army for consuming alcohol; and failed to complete the 180 days of home confinement.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that James Shephard violated conditions of supervision by committing misdemeanor offenses of Criminal Mischief and Theft of Property, failing to provide a monthly report form; being discharged from the Salvation Army for consuming alcohol; and failing to complete the 180 days of home confinement, James Shephard will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. §7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history of category IV, the guideline imprisonment range is 6 to 12 months.

At the December 22, 2014 hearing, Defendant pled true to each of government's allegations. The government recommended that Defendant be committed to the custody of the Bureau of Prisons for 4 months imprisonment with no additional term of supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant James Shephard be committed to the custody of the Bureau of Prisons for 4 months imprisonment with no additional term of supervised release to follow. The Court also **RECOMMENDS** that the place of confinement be Texarkana FCI.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 23rd day of December, 2014.**

JOHN D. LOVE<br>
UNITED STATES MAGISTRATE JUDGE